# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO: 4:17-CV-00087-JHM

STEVE DIXON and JULIE DIXON                          PLAINTIFFS

V.

RIVER TOWN CONSTRUCTION, LLC                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DN 33]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court holds that Defendant's Motion for Summary Judgment is **DENIED**.

### I. BACKGROUND

Plaintiffs Steve and Julie Dixon filed this action seeking damages against Defendant River Town Construction, LLC ("River Town") for injuries suffered by Steve Dixon as he was mowing his grass on April 27, 2016. River Town was hired by the City of Henderson, Kentucky to provide concrete and labor on various city projects. One of those projects included replacing the sidewalk in front of the Dixons' house at 614 Third Street. In replacing the sidewalk, River Town excavated part of the Dixons' yard to create a trench that could accommodate a barrier to hold the concrete in place. River Town claims that this is standard practice in the sidewalk replacement industry. A picture of the trench in question is included in the evidentiary record.

Mr. Dixon testified that as he was mowing his grass, he stepped backwards into the area excavated by River Town and injured his knee. The Dixons claim that there were no signs warning against the dangers of the trench and no protection to prevent passersby from injury. As a result of his injuries, Steve Dixon filed this lawsuit in the Henderson Circuit Court on June 6, 2017 against River Town asserting negligence and gross negligence. His wife, Julie Dixon, also brought

a claim for loss of consortium. River Town removed the lawsuit to this Court on the basis of diversity of citizenship, under 28 U.S.C. § 1332(a), on July 10, 2017.

River Town now brings this Motion for Summary Judgment, asking the Court to find that it is entitled to judgment as a matter of law. Specifically, River Town argues that, even viewing the evidence in a light most favorable to the Dixons, there is nothing to suggest that River Town was negligent in its replacement of the sidewalk.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

The Dixons contend that River Town was negligent in failing to warn them about or offer protection from the trench at the bottom of their property. According to the Dixons, the trench could not be seen from the slope on which their house stood, and they regularly enter the house from the rear entrance. As Steve Dixon was mowing, he walked backwards down the hill, as was his custom, so he never saw the trench before he stepped off the embankment and injured himself.

River Town offer two arguments to persuade the Court to grant summary judgment in its favor. First, River Town states that the risk posed by the trench was open and obvious to the Dixons. Second, regardless of whether the risk was open and obvious, River Town contends that the Dixons fail to point to any shortcomings that would lead a jury to find that River Town breached a duty.

The Court finds River Town's arguments to be misguided. The premise of the open and obvious doctrine relates to negligence claims in which the plaintiff is an invitee on the defendant's premises. In situations involving an invitee, a land owner has a duty "to discover unreasonably dangerous conditions on the land and either eliminate or warm of them." *Shelton v. Ky. Easter Seals Soc., Inc.,* 413 S.W.3d 901, 909 (Ky. 2013). "The open-and-obvious doctrine merely eliminates the duty to warn of a condition because the condition itself serves as ample warning." *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 897−98 (Ky. 2013). Yet, this doctrine is irrelevant to the present inquiry because Steve Dixon was not an invitee but rather the landowner on the premise where he was injured.[1] Therefore, a different standard of care is required.

---

[1] Furthermore, the Dixons are correct in pointing out that Kentucky courts have moved to a comparative negligence doctrine in circumstances where the open and obvious doctrine was previously applicable. *See Shelton*, 413 S.W.3d at 911−15.

In a Kentucky negligence action "a plaintiff must prove the existence of a duty, breach thereof, causation, and damages." *Boland-Maloney Lumber Co. v. Burnett*, 302 S.W.3d 680, 686 (Ky Ct. App. 2009). Typically, each person owes a duty to every other person to exercise ordinary care in his or her activities to prevent foreseeable injuries. *Id.* River Town obviously owed a duty to adequately warn others of the condition of the sidewalk. The Dixons complains that River Town has no expert to testify that the warnings were deficient. However, this is not a complex case and expert testimony is not necessary. *Id.* (finding that "uniformity of stair risers on a stairway is an abundantly apparent standard, even among laypersons."). A reasonable jury may find that River Town failed to exercise ordinary care by not adequately warning others of the condition of the sidewalk.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

cc: counsel of record